Compiler

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CEFERINO B. FORNASDORO,<br><br>       Plaintiff,<br><br> v.<br><br>ESPERANZA M. FORNASDORO,<br><br>       Defendant. | DOMESTIC CASE NO. DM 0064-13<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 8th day of July, 2013, for hearing on the Plaintiff's Application for Entry of Default. Attorney Ron Moroni represented the Plaintiff, the Defendant has not appeared. For the reasons set forth below, the Plaintiff's application is denied and this case is dismissed.

### ANALYSIS

This is a divorce action in which the Defendant wife appears to be a resident and citizen of the Philippines. The Complaint alleges that the Plaintiff husband has satisfied the residency requirements of 19 GCA § 8318(a), which requires that a party to a divorce action in Guam have been a resident of Guam for at least ninety days immediately preceding the filing of the complaint. The Complaint in this case was filed on January 29, 2013. The verification portion of the Complaint was signed by the Plaintiff on December 20, 2012, and is notarized by Sandra

Damarise Vega, a notary public in the Commonwealth of Virginia. Ms. Vega states in her notarization that the Plaintiff appeared personally before her and executed the verification.

It is not inconceivable that Ms. Vega traveled from Virginia to Guam, and that while the Plaintiff was residing on Guam, and that the Plaintiff elected to have her, rather than Guam notary – for instance, a member of his attorney's staff – notarize his verification of the Complaint. However, this set of circumstances seems improbable to the Court in the exercise of common sense, and also raises questions as to the validity of the verification under Virginia laws governing the authorized use of the notary power. *See* Code § 47.1-22 ("[a]ny notary who ceases to be a resident of the Commonwealth shall, from that time, cease to be a notary; provided, however, that such notary may maintain his commission with the written consent of the Secretary if he meets the qualifications for nonresident appointment under § 47.1-4."); Code § 47.1-4 ("[a] nonresident of Virginia may register and be commissioned as a notary only if he is regularly employed in the Commonwealth…"); The Office of the Secretary of the Commonwealth, *A Handbook For Virginia Notaries Public* (interpreting these statutes to mean that "[a] Virginia notary who moves outside of the state must surrender his or her commission unless the notary continues to be regularly employed in Virginia.").

The Court therefore finds that Ms. Vega's notarization establishes that the Plaintiff resided in Virginia on December 20, 2012. Because that date falls within 90 days of the filing of the Complaint in this case, the Court finds that the Plaintiff was not a resident of Guam for ninety days immediately preceding the filing of the Complaint, and concludes that the jurisdictional 90-day residency requirement of 19 GCA § 8318(a) has not been satisfied, and that this case must therefore be dismissed for lack of jurisdiction. In light of the necessity of dismissal, the Plaintiff's request for a default judgment must also be denied.

## CONCLUSION

For the reasons set forth above, the Plaintiff's Application for Entry of Default is **DENIED**, and this case is **DISMISSED**.

**IT IS SO ORDERED** this OCT 0 7 2013 ____ day of October, 2013.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

OCT 0 7 2013

Benny O. Cruz
Deputy Clerk Superior Court of Guam